IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Waylon Johnson, #12093-021, <br><br> Petitioner, <br><br> vs. <br><br> M.M. Mitchel, Warden FCI Edgefield, <br><br> Respondent. | ) Civil Action No. 3:09-2604-JFA -JRM <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) |

This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 on October 7, 2009. The Respondent filed a motion to dismiss on January 11, 2010, pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P. As the Petitioner is proceeding *pro se*, the Court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on January 11, 2010, advising Petitioner of the importance of a dispositive motion, and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Petitioner failed to respond to the motion. As such, it appeared to the Court that he did not oppose the motion and wished to abandon this action. As the Petitioner is proceeding *pro se*, the Court filed a second order on March 31, 2010, allowing the Petitioner an additional fifteen (15) days in which to advise the Court whether he wished to continue to prosecute this action. The Petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The Petitioner has not filed a response.

1

A petition may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1) the degree of petitioner's responsibility in failing respond;

(2) the amount of prejudice to the petitioner;

(3) the history of the petitioner in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding *pro se* so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment, or the Court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be **dismissed** pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Joseph R. McCrorey
United States Magistrate Judge

April 19, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).